[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10333
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00008-GAP-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andres Fernandez appeals the substantive reasonableness of his 120-month prison sentence, an upward variance from the guideline range of 78 to 97 months, for 12 counts of wire fraud.  Fernandez argues that the district court should not have imposed an upward variance without the government requesting a variance. He also argues that the district court imposed his sentence based on its opinion that punishments for white-collar crimes are too low compared to other offenses. Finally, Fernandez argues the district court placed substantial weight on the testimony of four witnesses at his sentencing hearing that were not "victims."

We review a sentence for substantive unreasonableness under an abuse-of-discretion standard.  *United States v. Pugh*, 515 F.3d 1179, 1191-92 (11th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (holding that district courts that impose variances are reviewed under a deferential abuse-of-discretion standard).  On appeal, the party challenging the sentence bears the burden of establishing that it is unreasonable based on the record and the factors in 18 U.S.C. § 3553(a).  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In levying a sentence, the district court must impose a sentence that is sufficient, but not greater than necessary, to conform to the factors in § 3553(a), which include the seriousness of the offense, promotion of respect for the law, punishment for the offense, deterrence of criminal conduct, and protection of the public.  *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016).  Similarly, the

2

district court must consider "the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim." *Id.* District courts have considerable discretion to apply these factors and impose sentences. *Id.*

However, a court may abuse its discretion when it "(1) fails to afford consideration to the relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks and emphasis omitted). We may consider the extent of a variance imposed by a district court, but we give the district court's decision deference, inferring that the factors under § 3553(a) justify the variance. *Gall*, 552 U.S. at 51. The degree of variance from the guidelines must be supported by sufficiently compelling justification. *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*). A major variance requires a more significant justification for the variance than a minor variance. *Id.* An upward variance is imposed based upon the application of the § 3553(a) factors to an individual case. *United States v. Overstreet*, 713 F.3d 627, 637-38 (11th Cir. 2013).

3

A sentence is unreasonable if it is based entirely on an impermissible factor because it does not achieve the purposes of § 3553(a). *Plate*, 839 F.3d at 957. In *Plate*, we vacated a sentence where the record showed that the district court gave dispositive weight to the impermissible factor of the defendant's inability to pay restitution in deciding to impose an imprisonment sentence. *Id.* at 957-58. Likewise, we vacated a defendant's sentence where the record showed that the district court imposed a sentence based on unfounded assumptions about the defendant's immigration status and the judge's personal views of immigration policy. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1253 (11th Cir. 2008).

Here, the district court's upward variance from the guideline range was not substantively unreasonable because even though the government did not request an upward variance, it was within the discretion of the district court to make an individualized determination of the appropriate sentence considering the specific facts of Fernandez's case weighed against the § 3553(a) factors and the guideline range. *Plate*, 839 F.3d at 957. Although Fernandez argues that a variance was not warranted because he pled guilty, had no criminal history, and took responsibility for his actions, the court had discretion in how to weigh the relevant factors and adequately justified its decision to vary upwards based upon the seriousness of the

4

offense and the history and characteristics of Fernandez. *Gall*, 552 U.S. at 51; *Irey*, 612 F.3d at 1186.

Next, the district court did not consider an impermissible factor when it noted its opinion that the guideline range for white-collar crimes was often too low compared to the ranges for drug dealers. In context, this opinion by the court did not play a role in its decision to vary upwards in Fernandez's sentence. In fact, the court emphasized that despite its opinion that the guideline ranges for white-collar crimes are too low, it "rarely, rarely impose[s] a sentence above the high end of the guidelines," even in some cases that involved more money than here. The court then expressed that the harm Fernandez caused to all his victims and other investors was so severe that this rare circumstance warranted an upward variance from the guidelines. The court explained that it considered the arguments of the parties, the guideline range, the testimony of the witnesses at sentencing, and the parties' briefs to arrive at a sentence for Fernandez. At no point did the court claim to base Fernandez's sentence upon its opinion on the comparative severity of punishment for white-collar crimes with other offenses. Thus, even if it were improper for the court to reference this factor, there is no indication in the record that this factor played any role in its sentencing of Fernandez.

Finally, the district court did not consider an impermissible factor when it allowed four unplanned witnesses to testify at his sentencing hearing that were not

confirmed "victims" pursuant to the FBI's investigation. Notably, the parties pointed out to the court that these witnesses were investors in Fernandez's scheme but were not confirmed to have suffered losses to be considered "victims." And Fernandez did not object to these witnesses testifying. In any event, these unplanned witnesses gave testimony that was similar to the testimony from the confirmed victims. They explained the mental, emotional, and financial trauma they faced because of Fernandez's crimes. They also made it clear that Fernandez's crimes were farther reaching than the initial FBI investigation could prove since many investors paid Fernandez in cash, which was not traceable through bank records, or they were the "lucky" investors who were roped into Fernandez's fraudulent scheme early enough to actually recover money back from Fernandez as he perpetuated the fraud over the 23 months. Also, the record does not reflect that the court specifically considered or gave weight to the testimony of these unplanned witnesses while determining the sentence imposed upon Fernandez. While the court gave weight to the nature and circumstances of the offense in deciding to vary upward, the facts were undisputed, and several confirmed victims had already testified as to the hardship that Fernandez's offense conduct caused them. There is no indication in the record that the cumulative testimony of the unconfirmed victims had any impact on Fernandez's sentence.

In conclusion, the court did not abuse its discretion by imposing a sentence with an upward variance from the guideline range.

**AFFIRMED.**